UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST, N.A., as trustee for
LSF8 Master Participation Trust,

                Plaintiff,

   -against-                                          6:15-cv-0558 (LEK/TWD)

SCOTT A. DUPRE, *et al.*,

                Defendants.

## **DECISION and ORDER**

Plaintiff United States Bank Trust, N.A. ("Plaintiff") commenced the present action against Defendants Scott A. Dupre , Deborah A. Dupre, and the Rome Savings Bank (the "Bank") (collectively "Defendants") pursuant to the New York Real Property Actions and Proceeding Law. Dkt. No. 1 ("Complaint"). On September 16, 2015, ninety days after Defendants' answer deadlines expired, Plaintiff requested an entry of default from the Clerk of the Court, which was granted on September 18, 2015. Dkt. Nos. 13; 14 ("Entry of Default"). Presently before the Court is Plaintiff's Motion for default judgment. Dkt. No. 15 ("Motion").

In the Complaint, Plaintiff exclusively raises state law claims. Plaintiff accordingly claims that subject matter jurisdiction exists through diversity of citizenship. Compl. ¶ 8; see also 28 U.S.C. § 1332. However, Plaintiff's discussion of the citizenship of the parties is insufficient to determine whether the parties are diverse. Both individual Defendants are alleged to be citizens of New York. Compl. ¶¶ 3-4. However, while the Bank has its principal place of business in New York, the Complaint states that it is "formed under the laws of the United States of America," which does not speak to its state of incorporation. Id. ¶ 5; see also 28 U.S.C. § 1332(c)(1). Plaintiff also

claims to be "a National Association with its principal place of business [in] Wilmington, Delaware . . . ." Compl. ¶ 2. However, if Plaintiff is not a corporation, but rather an unincorporated association, it necessarily takes the citizenship of all of its members. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Given that complete diversity is an absolute requirement for jurisdiction, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1804), the Court does not have enough information about the Bank as well as Plaintiff to determine whether it possesses subject matter jurisdiction over this action.

Therefore, the Court will allow Plaintiff **thirty (30) days** from the date of this Decision and Order to file a memorandum that more specifically demonstrates by a preponderance of the evidence that diversity of citizenship exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Defendants shall have **ten (10) days** thereafter to file a response. If Plaintiff fails or elects not to file a memorandum, the Clerk shall dismiss this case for lack of subject matter jurisdiction, at which point Plaintiff would be able to file an action for their state law claims in state court.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff submit a memorandum of law addressing the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 **within thirty (30) days** in order to proceed with this action in federal court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 28, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge