UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST, N.A., as trustee for
LSF8 Master Participation Trust,

       Plaintiff,

   -against-          6:15-cv-0558 (LEK/TWD)

SCOTT A. DUPRE, *et al.,*

       Defendants.

## DECISION and ORDER

   Plaintiff United States Bank Trust, N.A. ("Plaintiff") commenced the present action against Defendants Scott A. Dupre, Deborah A. Dupre, and the Rome Savings Bank (the "Bank") (collectively, "Defendants") pursuant to the New York Real Property Actions and Proceeding Law. Dkt. No. 1 ("Complaint"). Following submission of Plaintiff's Motion for default judgment, the Court directed Plaintiff to submit a Memorandum of Law that more specifically demonstrated by a preponderance of the evidence that diversity of citizenship exists. Dkt. No. 19. Presently before the Court is Plaintiff's Memorandum in support of diversity of citizenship. Dkt. No. 21 ("Memorandum").

   Plaintiff asserts, citing Wachovia Bank N.A. v. Schmidt, 546 U.S. 303 (2006), that because it is a national banking association, it is a citizen of the State in which its main office is located as set forth in its articles of association. Mem. at 1-2. Rather than submit its articles of association to the Court to prove its location, as was done in Wachovia, Plaintiff instead provided a list of national banks that identifies the city of Wilmington, Delaware as the location of U.S. Bank Trust, N.A. Id. Ex. A. The Court finds that this list is insufficient proof, and Plaintiff should provide the Court with

a copy of its articles of association or other comparable evidence to establish the location of its main office.

Additionally, upon further review of the Complaint, it seems that Plaintiff appears in this action as a trustee acting on behalf of the LSF8 Master Participation Trust. Compl. at 1. The citizenship of a business trust for diversity purposes is determined by the citizenship of all its beneficiaries. Americold Realty Tr. v. Conagra Foods Inc., 136 S. Ct. 1012, 1015-16 (2016). However, the Supreme Court has also found that, in certain cases, trustees of business trusts may invoke diversity jurisdiction of the federal courts on the basis of the trustee's own citizenship, rather than that of the trust's beneficial shareholders. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 465 (1980); see also Americold Realty Tr., 136 S. Ct. at 1016.

Navarro held that, in order for the trustees' citizenship to be controlling for diversity purposes, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." 446 U.S. at 460. A trustee is a real party to the controversy for purposes of diversity jurisdiction when it "possesses certain customary powers to hold, manage, and dispose of assets for the benefits of others." Id. at 464. Because the trust instrument in Navarro "authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees," the trustees were acceptable as real parties to the controversy, and diversity of citizenship could properly be determined by considering only the trustees' citizenship. Id. at 464-65.

Thus, in keeping with Navarro and Americold, if Plaintiff submits that diversity should be determined based solely on its citizenship as the trustee, it must demonstrate that it is empowered to sue on behalf of the trust in its own name, that it is "authorized to take legal title to trust assets and invest those assets for the benefit of the shareholders," and that it "possesses certain customary

powers to hold, manage, and dispose of assets for the benefits of others." Navarro, 100 S. Ct. at 1783.

In this case, Plaintiff has not provided the Court with sufficient information regarding its authority, as trustee, to bring suit in its own name, or shown that it possesses the other traditional powers outlined in Navarro. Compl. at 1. Furthermore, as discussed above, the documents provided by Plaintiff to demonstrate that it is a citizen of Delaware are insufficient. Dkt. No. 21. The pertinent trust instrument, Plaintiff's articles of association, and additional affidavits are potential sources of evidence to demonstrate whether diversity of citizenship in this case should be determined by the trustee's citizenship alone, as well as to substantiate that Plaintiff is in fact a citizen of Delaware.

Plaintiff has also failed to present sufficient information regarding the citizenship of the Bank. Compl. at 2. While Plaintiff alleges that the Bank is a "corporation or other business entity formed under the laws of the United States of America with its principal place of business in New York," it has still not identified its state of incorporation, whether it instead is a national banking association chartered by the Office of the Comptroller of the Currency, or if the Bank has been acquired by, or merged with, another bank or corporation. Compl. at 2.[1]

The burden is on Plaintiff to prove by a preponderance of the evidence that complete diversity exists, which Plaintiff has failed to do in this case. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). However, in light of the fact that the Court has not previously discussed the relevance of the trust-trustee relationship between U.S. Bank Trust, N.A. and the LSF8 Master Participation Trust, the Court will allow Plaintiff **thirty (30) days** from the date of this Decision and

---

[1] It appears that the Bank was acquired by Berkshire Bank in 2011. Institution History, Nat'l Info. Ctr., http://www.ffiec.gov/nicpubweb/nicweb/InstitutionHistory.aspx?parID_RSSD= 641515& parDT_END=99991231 (last visited June 28, 2016).

Order to file a memorandum and supporting affidavits and exhibits that more specifically demonstrate by a preponderance of the evidence that complete diversity exists between the parties. Id.  If Plaintiff fails or elects not to file a memorandum and supporting evidence, the Clerk shall dismiss this case for lack of subject matter jurisdiction, at which point Plaintiff would be able to file an action for their state law claims in state court.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff submit a memorandum of law and accompanying affidavits(s) and exhibits addressing the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 **within thirty (30) days** in order to proceed with this action in federal court; and it is further

**ORDERED**, that if Plaintiff does not submit this memorandum of law **within thirty (30) days**, the Clerk of the Court shall dismiss this action without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    July 01, 2016
          Albany, New York

Lawrence E. Kahn
U.S. District Judge